In the Matter of the Claim of DOLORES HARMONAY, Respondent, v. MICHAEL HARMONAY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — HAMM, J. Appeal by employer and carrier from a board decision awarding death benefits. The decedent was employed as a plumber by the appellant employer, a plumbing and heating contractor. The decedent climbed a ladder to a roof 20 to 30 feet high. After entering on the roof from the ladder he collapsed and died. The ladder was an extension ladder 30 to 40 feet in length and the bottom of the ladder was 10 or 12 feet from the building. The appellants' medical consultant found no causal relation between the work performed by the decedent and his death but it was within the province of the board to select the conflicting expert opinion offered by the claimant (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532–533). The claimant's medical witness, who was a specialist in cardiovascular diseases, testified that the decedent's death was due to coronary insufficiency. He testified that the decedent was "too sick to be working at all" and stated also that he felt the decedent "eventually  *  *  * would have a coronary attack of some sort" although he would not have died from coronary insufficiency if he had been "at rest". However, as to whether the decedent's activity was "a competent producing cause of his death", the doctor said "there is a definite relationship between the man's walking or climbing up the ladder to the roof and his subsequent death." When asked if the death could have been due to the progression of pre-existing disease and "purely co-incidental", the doctor stated: "I would say nine to one against it. We have to go by the facts." In our view the board was warranted in finding that the work

activity was sufficiently strenuous to constitute an accident. The doctor testified that the climbing of a ladder with "respect to placing a strain upon the heart" would "give much more strain than climbing stairs." There was also substantial evidence of causal relation before the board upon which to predicate an award (*Matter of Carrasquillo* v. *Santini Bros.*, 13 N Y 2d 245, 249; *Matter of Mandelblatt* v. *Gold Star Baking Corp.*, 22 A D 2d 966). Decision affirmed, with costs to Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.